Michael P. Pappas, Esq. (MP 6716)
MICHAEL P. PAPPAS LAW FIRM, P.C.
3 Columbus Circle, 15th Floor
New York, New York 10019
(646) 770-7890 (phone)
(646) 417-6688 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENNAN KLING, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>-against-<br><br>AUCTION TECHNOLOGY GROUP PLC, PROXIBID INC., and LIVE AUCTIONEERS LLC,<br><br>　　　　　　　　Defendants. | **No.**<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brennan Kling, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.　　This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York Labor Law ("NYLL") claims under 28 U.S.C. § 1367 because they are so related to the claims in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein took place in this District.

## THE PARTIES

3. Defendant Auction Technology Group PLC ("ATG") is a foreign corporation headquartered at 65 Southwark Street, London SE1 0HR, UK. ATG's U.S. headquarters are located at 3555 Farnam Street, Suite #1105, Omaha, NE 68131. ATG also has offices in this District at 10 East 38th Street, 4th Floor, New York NY 10016.

4. ATG is engaged in the business of operating on-line platforms for auctions, including cataloguing of items, auction hosting, bid management, digital marketing, integrated payments, and shipping services. According to its 2023 annual report, ATG had more than $173 million in revenues last year.

5. ATG has an annual gross volume of sales in excess of $500,000 and is engaged in interstate commerce.

6. Defendant Proxibid Inc. ("Proxibid") is a foreign corporation headquartered at 10 E 38th St 4th Floor, New York, NY 10016. Proxibid is one of the on-line auction hosting platforms operated by Defendant ATG, and is a subsidiary and/or business unit of ATG.

7. Proxibid is engaged in the business of providing a hosting platform for on-line auctions.

8. Proxibid has an annual gross volume of sales in excess of $500,000 and is engaged in interstate commerce.

9. Defendant Live Auctioneers LLC ("LiveAuctioneers") is a New York limited liability company headquartered at 220 12th Avenue, New York NY 10001. On or about October 1, 2021, LiveAuctioneers became a subsidiary and/or business unit of Defendant ATG when ATG acquired Platinum Parent, Inc., the holding company of LiveAuctioneers.

10. LiveAuctioneers is engaged in the business of providing a hosting platform for on-line auctions.

11. LiveAuctioneers has an annual gross volume of sales in excess of $500,000 and is engaged in interstate commerce.

12. ATG, Proxibid, and LiveAuctioneers are hereinafter referred to collectively and individually as "Defendants".

13. Plaintiff Brennan Kling is an adult male individual who resides in the State and City of New York. Mr. Kling was employed by Defendants as an Inside Sales Representative in New York City from approximately September 2018 to August 2023. Mr. Kling is hereinafter referred to as "Named Plaintiff".

**PLAINTIFF KLING'S EMPLOYMENT WITH DEFENDANTS**

14. Defendants hired Named Plaintiff on or about September 5, 2018 as an "Inside Sales Representative" for LiveAuctioneers.

15. Despite the fact that inside sales people have long been considered non-exempt and are entitled to overtime pay under the FLSA and NYLL, Defendants unlawfully classified Named Plaintiff as an exempt salaried employee, and expressly stated in his offer letter that "you will not receive overtime pay if you work more than 40 hours in a work week."

16. During his employment at LiveAuctioneers, Named Plaintiff was paid a set base salary, plus sales commissions. His starting base salary was $40,000 per year, which was raised to $45,000 after 90 days of employment, then raised to $50,000 in 2022.

17. During his employment at LiveAuctioneers, Named Plaintiff regularly worked more than 40 hours in a single work week. This included working beyond his scheduled hours of 9:00 a.m. to 5:00 p.m., as well as performing work on weekends. Also, Named Plaintiff was often required to make calls, answer emails and texts, and address work matters at all hours of the day, and took minimal (if any) breaks for meals or rest.

18. According to Named Plaintiff's best recollection, he estimates that he worked, on average, at least 50 hours per week during his tenure at LiveAuctioneers. Thus, there were numerous, specific work weeks in which Named Plaintiff worked in excess of 40 hours.

19. Because Defendants misclassified Named Plaintiff as exempt, they failed to comply with their legal obligation to keep records of his hours worked. Therefore, under the law, there is a legal presumption that Named Plaintiff's recollection of the number of hours he worked at LiveAuctioneers is correct.

20. Because Defendants misclassified Named Plaintiff as exempt and paid him a set base salary regardless of how many hours he worked, they failed to comply with their legal obligation to pay him overtime (1.5 times his regular rate of pay) for any hours he worked in excess of 40 per week during his entire employment at LiveAuctioneers.

21. On February 6, 2023, Named Plaintiff became employed as an inside salesperson for Proxibid, another online auction platform operated by ATG. Although Named Plaintiff's Title was changed to "Senior Sales Executive," he continued to perform

the functions and duties of an inside sales representative, and was not a *bona fide* executive for purposes of the FLSA and NYLL.

22. During Named Plaintiff's entire employment as an inside sales person for Proxibid, Defendants continued to misclassify him as an exempt salaried employee, and failed to pay him overtime for hours worked in excess of 40 per week.

23. During his employment at Proxibid, Named Plaintiff was paid a set base salary of $70,000 per year ($1,346.15/week), plus sales commissions.

24. During his employment at Proxibid, Named Plaintiff frequently worked more than 40 hours in a single work week. This included working beyond his scheduled hours of 9:00 a.m. to 5:00 p.m., as well as performing work on weekends. Also, Named Plaintiff was often required to make calls, answer emails and texts, and address work matters at all hours of the day, and took minimal (if any) breaks for meals or rest.

25. According to Named Plaintiff's best recollection, he estimates that he worked, on average, at least 50 hours per week during his tenure at Proxibid. Thus, there were numerous, specific work weeks in which named Plaintiff worked in excess of 40 hours.

26. Because Defendants misclassified Named Plaintiff as exempt, they failed to comply with their legal obligation to keep records of his hours worked. Therefore, under the law, there is a legal presumption that Named Plaintiff's recollection of the number of hours he worked at Proxibid is correct.

27. Because Defendants misclassified Named Plaintiff as exempt and paid him a set base salary regardless of how many hours he worked, they failed to comply with their

legal obligation to pay him overtime (1.5 times his regular rate of pay) for any hours he worked in excess of 40 per week during his entire employment at Proxibid.

28. Named Plaintiff estimates that he is owed more than $45,000.00 in unpaid overtime from Defendants.

29. In addition to unpaid overtime, Defendants' misclassification of Named Plaintiff resulted in other violations of the NYLL that entitle him to further damages.

30. First, employers are legally required to provide every New York employee, at the start of employment and upon any change in rate or method of compensation, with an accurate written notice of the employee's "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer," and, for all employees who are not exempt from overtime compensation, "the regular hourly rate and overtime rate of pay." See NYLL § 195. The mandatory penalty for failing to provide proper wage notices is $50.00 per day up to a maximum of $5,000.00. See NYLL § 198(1-b).

31. In addition, employers are required to provide every New York employee with an accurate wage statement each time they receive their wages. The wage statement must contain "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis

6

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." Also, "[f]or all employees who are not exempt from overtime compensation …, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." See NYLL § 195. Again, the mandatory penalty for failing to provide proper wage notices is $50.00 per day up to a maximum of $5,000.00. See NYLL § 198(1-b).

32. Here, because Defendants misclassified Named Plaintiff as "exempt" during his entire employment, Defendants never provided him with complete and accurate wage statements or wage notices containing, for example, his hours worked, regular hourly rate, and overtime rate. Therefore, Defendants are liable to Named Plaintiff for an additional $10,000.00 in damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiff brings this as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of all persons who were employed by Defendants as inside sales persons and classified as exempt at any time on or after the date that is three years before the date this action was filed ("FLSA Collective Plaintiffs").

34. At all relevant times, Named Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules, willfully failing and refusing to pay them legally-required wages. The claims of Named Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs

35. This action is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NYLL**

36. The Named Plaintiff brings this as a class action pursuant to the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 23, on behalf of all inside sales persons who were employed by Defendants and classified as exempt at any time on or after the date that is six years before the date this action was filed (the "Class Period").

37. All said persons, including the Named Plaintiff, are referred to herein as the "Class". The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The work schedules, positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, the Class members' names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed.R.Civ.P. 23.

38. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

8

39. Named Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation, and failure to provide accurate wage notices and statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Named Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

40. Named Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Named Plaintiff is represented by an attorney who is experienced and competent in both class action litigation and employment litigation, and has previously represented parties in collective/class wage and hour cases.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.

42. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burdens of individual litigation would make it extremely difficult or impossible for the

individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

43. Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint with a degree of anonymity that allows for the vindication of their rights while eliminating or reducing these risks.

44. There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Named Plaintiff and the Class members within the meaning of New York law;

    b. Whether Defendants properly classified Named Plaintiff and the Class members as "exempt" under the NYLL;

    c. Whether Defendants properly compensated Named Plaintiff and the Class members for overtime;

    d. What are and were the policies, programs, procedures, protocols and plans of Defendants regarding payment for the type of work that the Named Plaintiff and the Class members performed;

    e. At what common rate, or rates subject to methods of calculation, were and are Defendants required to pay the Named Plaintiff and the Class members for their work; and

    f. Whether Defendants provided the Named Plaintiff and the Class members with accurate, legally-required wage notices and wage statements.

45. The Named Plaintiff, FLSA Collective Plaintiffs, and Class members are referred to collectively hereinafter as "Plaintiffs".

## FACTS COMMON TO ALL PLAINTIFFS

46. Named Plaintiff's consent to sue form is attached hereto as Exhibit A.

47. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

48. Defendants knew that (i) nonpayment or underpayment of overtime, (ii) failing to provide Plaintiffs with accurate, legally-required wage notices, and (iii) failing to provide Plaintiffs with accurate, legally-required wage statements, would economically injure Plaintiffs.

49. Defendants did not pay Plaintiffs overtime at the rate of 1.5 times the greater of their regular hourly rate or the lawful minimum wage for hours worked in excess of 40 per work week.

50. Plaintiffs regularly worked in excess of 40 hours per work week.

51. At all relevant times, Defendants paid Plaintiffs a set annual salary for all hours worked, including overtime hours.

52. At all relevant times, Plaintiffs were entitled under federal law (FLSA) and New York State law (NYLL) to overtime at the rate of 1.5 times their regular rate for all hours worked in excess of 40 per week.

53. As detailed above, Named Plaintiff was subjected to the above unlawful wage practices. At all relevant times, Defendants paid Named Plaintiff a set salary for all hours worked, including overtime hours, and failed to pay him the lawful overtime wage to which he was entitled under federal and state law for hours worked in excess of 40 per week.

54. As a result of Defendants' failure to pay Plaintiffs the lawful overtime wage, Plaintiffs have been damaged in an amount to be determined at trial, and are entitled to all damages provided for by statute, including, but not limited to, unpaid wages, 100% liquidated damages, and attorneys' fees.

55. At all relevant times, Defendants failed to provide Plaintiffs the accurate wage notices required under Section 195 of the NYLL.

56. Specifically, Plaintiffs (including the Named Plaintiff) were not provided with written notice that accurately reflected their proper "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer…; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; [and] the telephone number of the employer…."

57. At all relevant times, Defendants failed to provide Plaintiffs with accurate wage statements required under Section 195 of the NYLL.

58. Specifically, Plaintiffs (including the Named Plaintiff) were not provided, at the time they were paid, with a statement or pay stub accurately setting forth their proper "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Claim)

59. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

60. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

61. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty hours per work week.

13

62. At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules, of willfully failing and refusing to pay Plaintiffs at 1.5 times their regular rate for all work in excess of forty hours per work week, even though Plaintiffs have been and are entitled to such overtime pay.

63. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs at the required overtime rate, 1.5 times their regular rate for hours worked in excess of forty per work week.

64. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Overtime Claim)**

65. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

66. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per work week.

67. It is unlawful under the NYLL for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any work week.

68. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs at the required overtime rate, which is 1.5 times the greater of the lawful

minimum wage or the employee's regular rate, for hours worked in excess of forty (40) per work week.

69. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

70. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their respective unpaid overtime compensation, liquidated (double) damages as provided by the NYLL for overtime wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (New York State Wage Notice Claim)

71. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

72. Throughout the statute of limitations period covered by these claims, Defendants failed to provide Plaintiffs with accurate wage notices required pursuant to NYLL § 195.

73. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants a penalty of $50 per day for each violation, not to exceed $5,000 per employee, under NYLL § 198(1-b).

### FOURTH CLAIM FOR RELIEF
### (New York State Wage Notice Claim)

74. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

75. Throughout the statute of limitations period covered by these claims, Defendants failed to provide Plaintiffs with accurate wage statements required pursuant to NYLL § 195.

76. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants a penalty of $50 per day for each violation, not to exceed $5,000 per employee, under NYLL § 198(1-b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

B. Designation of Named Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to Fed.R.Civ.P. 23;

D. Designation of Named Plaintiff as Representative of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further relief as the Court may deem just, equitable, and proper.

Dated: July 18, 2024

                    MICHAEL P. PAPPAS LAW FIRM, P.C.

By:  s/*Michael P. Pappas*
     Michael P. Pappas, Esq. (MP 6716)
     3 Columbus Circle, 15th Floor
     New York, New York 10019
     T: (646) 770-7890
     F: (646) 417-6688

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*