

January 13, 2025

**VIA ECF**

The Honorable Henry J. Ricardo
United State Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007-1312

Re:     **Kling v. Auction Technology Group, et al.: 1:24-cv-05448-HJR**

Dear Judge Ricardo:

The parties jointly submit this letter motion in support of judicial approval of their proposed settlement, which was reached in private settlement negotiations among the parties. A copy of the executed settlement agreement is attached hereto as Exhibit A.

**I.     Nature of the Action**

This is an action for wage and hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Although the action was originally filed as a collective/class action, it has never been certified as such, nor have any collective/class members joined the action. Mr. Kling is the sole plaintiff.

The Plaintiff, Mr. Kling, alleges that Defendants misclassified him as an exempt salaried employee rather than a non-exempt hourly employee subject to FLSA and NYLL overtime requirements. Mr. Kling asserts that he was thereby deprived of overtime compensation during the period of misclassification, which was approximately 256 weeks. Mr. Kling further alleges that Defendants failed to provide proper and accurate wage notices and wage statements under Section 195 of the NYLL.

Defendants dispute all of these allegations and contend that: (i) Plaintiff was properly classified as an exempt sales employee under the retail/service establishment exemption and, therefore, was not entitled to overtime, (ii) even if Plaintiff was misclassified, he did not work any

The Honorable Henry J. Ricardo
January 13, 2025
Page 2

overtime hours, and (iii) Plaintiff was provided accurate wage notices and wage statements. (A fuller discussion of the disputed claims and issues is set forth in Section III below). There are *bona fide* disputes between the parties on each of these claims.

**II.     Standard For Assessing Fairness of an FLSA Settlement**

In this Circuit, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 U.S. Dist. LEXIS 20786, *2 (E.D.N.Y. Mar. 13, 2008)). When determining fairness, courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Application of these factors in this case demonstrates that the parties' proposed settlement of this action is fair and reasonable, and should be approved.

**III.    Plaintiff's Estimate of Full Recovery and Description of Bona Fide Disputes**

Plaintiff was formerly employed by Defendants as an "Inside Sales Representative." Throughout his employment, Plaintiff was classified as "exempt" and paid a set salary, which was the same regardless of the number of hours he worked. Plaintiff was also paid sales commissions. Plaintiff alleges that he was merely an inside sales employee, and that, therefore, Defendants misclassified him as "exempt" and failed to pay him overtime. Plaintiff also asserts that Defendants were not retail or service establishments within the meaning of the FLSA, and, therefore, did not qualify for that exemption. Plaintiff estimates that he worked 50 hours per week, or 10 overtime hours per week, on average. The total amount of unpaid overtime if Mr. Kling were to prevail on this claim would have been approximately $45,000.00. If liquidated damages were awarded, they would be in an equal amount -- $45,000.00.

Plaintiff also alleges that, because Defendants unlawfully classified him as an exempt salaried employee, the wage notices and statements Defendants provided to Plaintiff did not accurately state the requisite information, such as the number of hours Plaintiff worked, his hourly rate, or his overtime rate, and were therefore in violation of NYLL § 195, entitling Plaintiff to a wage notice penalty of $5,000.00 ($50/day for 100 days) and a wage statement penalty of $5,000.00 ($50/day for the 100 days).

The Honorable Henry J. Ricardo
January 13, 2025
Page 3

Total damages and penalties were Plaintiff to prevail on all claims are estimated at $100,000.00, not including costs and attorneys' fees.

Defendant denies all of Plaintiff's allegations, and asserts that Plaintiff was properly classified as exempt under the retail/service establishment exemption because more than half of Plaintiff's earnings were in the form of commissions, and his regular rate of pay exceeded one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours were worked. Defendant also disputes that Plaintiff worked as many hours as he claimed, or that he worked any overtime hours at all. Defendants also assert that, because Plaintiff was properly classified, Plaintiff received accurate and sufficient wage notices and wage statements under NYLL Sec. 195. Defendants assert that Plaintiff is entitled to no damages. Thus, there are significant *bona fide* disputes as to each of Plaintiff's claims.

Plaintiff recognizes that there is no definitive case law on the issue of whether Defendants' business would be deemed a retail or service establishment, and that the issue could be decided in either direction. Plaintiff also recognizes that, because there are no time records, a court or jury might credit Defendants' allegation that he did not work any overtime hours, or worked fewer hours that he claims. Given that Plaintiff perceives a significant risk that he might not prevail, that Plaintiff's actual out-of-pocket damages if he prevailed would have been about $45,000.00, and that his total damages including liquidated damages and penalties would have been about $100,000.00, the parties believe that a settlement of $50,000.00 (which is more than the full amount of Plaintiff's claimed unpaid overtime) is fair, reasonable, and properly takes into account the relative risks and benefits of pursuing each claim. If Plaintiff's misclassification claim fails, all of his other claims fail, as well. In addition, Plaintiff puts significant value on the ability to receive the settlement funds promptly rather than waiting for the conclusion of the litigation on some uncertain date in the future. Even after paying attorneys' fees and costs, Plaintiff will still be receiving $34,000.00, which is more than 75% of his actual unpaid overtime. The parties also wish to inform the Court that Plaintiff will be receiving an additional $25,000.00 in settlement of his separate New York State Court action for unpaid commissions (N.Y.S. Supreme Ct., N.Y. County, Index No. 653635/2024), so he will be receiving total settlement funds of $75,000.00 as part of the global resolution of both his federal and state lawsuits.

**IV.     Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Based on Plaintiff's counsel's qualifications and experience, the result obtained, the risk undertaken, and the actual time spent on this matter, the amount of attorneys' fees provided to Plaintiff's counsel under the Settlement Agreement is fair and reasonable.

Plaintiff's counsel, Michael P. Pappas, is a highly-experienced and well-respected employment attorney in New York City. He has been practicing employment law exclusively since graduating law school in 1989. Mr. Pappas graduated with honors from Boston University School of Law, where he was an Editor of the *Law Review*. During his 35+-year career in employment

The Honorable Henry J. Ricardo
January 13, 2025
Page 4

law, Mr. Pappas has worked at some of the nation's leading law firms, including Orrick Herrington and Littler Mendelson. Mr. Pappas was a partner at Littler Mendelson in New York for more than a decade, and in 2014 opened his own law firm. He has been quoted on employment law matters in the *Wall Street Journal*, has authored numerous employment law-related articles in publications such as the *Employee Relations Law Journal* and *Lexis Practice Advisor*, and has conducted CLE presentations on wage and hour issues.

As a partner at Littler Mendelson and now the owner of his own firm, Mr. Pappas has gained significant experience in wage and hour litigation on both the plaintiff and defense sides. He estimates that he has been either lead or second counsel on more than 40 wage and hour matters, including this action and several other plaintiff-side cases (the majority of which settled pre-litigation). As a result of Mr. Pappas's extensive knowledge and experience in wage and hour litigation, he was able to obtain a favorable pre-trial result for Plaintiff through his skill and hard-fought negotiation.

Under the settlement, Plaintiff's counsel will receive $16,000.00 from the settlement payment as attorneys' fees and costs. This represents less than one-third of the total settlement. A copy of Plaintiff's retainer agreement with counsel is attached hereto as Exhibit B. Thus, the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. See Clarke v. City of New York, 2024 U.S. Dist. LEXIS 101153, *11 (S.D.N.Y. June 5, 2024) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation). See also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069, *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").

Furthermore, it is well-established that "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). Here, Plaintiff's counsel was able to obtain a favorable settlement of Plaintiff's claims prior to trial and even prior to discovery, which Plaintiff views as a successful result given the risk of not prevailing on some or all of his claims or recovering limited or only marginally greater damages. Thus, given the degree of success obtained, the requested attorneys' fees and costs in the parties' settlement are fair and reasonable.

Finally, the amount of fees provided to Plaintiff's counsel is roughly equal to the lodestar, *i.e.*, the amount he would have earned hourly based on the number of hours he actually expended in this matter since its inception. This matter has been ongoing since October 2023. In order to reach the agreed-upon resolution, Plaintiff's counsel was required to expend time and effort on the following tasks, among others: (i) fact-finding and research; (ii) several consultations, correspondence, and meetings with Plaintiff; (iii) performing damages calculations for Plaintiff; (iv) preparation of the complaint; (v) engaging in lengthy settlement negotiations;

The Honorable Henry J. Ricardo
January 13, 2025
Page 5

(vi) reviewing and revising the settlement agreement; and (vii) preparing this motion for settlement approval.

Although this was a contingency case, Plaintiff's counsel recorded all time spent on this matter. According to counsel's time records, he has spent more than 26 hours prosecuting this action to date. Applying counsel's hourly rate of $650.00, attorneys' fees would have totaled $17,030.00 if this matter had been billed on an hourly basis. Plaintiff's counsel also incurred a case filing fee of $400.00 and process server fees. Thus, given the risks taken by Plaintiff's counsel in agreeing to a contingency arrangement, and the amount of time actually expended, a fee of $16,000.00 is more than fair and reasonable. A copy of my hourly time records to date is attached hereto as Exhibit C.

In light of the qualifications of Plaintiff's counsel, the nature and scope of the issues herein, the negotiations necessary to reach the agreed-upon settlement, and the result obtained, Plaintiff's requested counsel fees are fair, reasonable, and within the range of fees typically awarded in cases in this Circuit. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010) (approving attorney's fees of one third of the settlement fund).

For the foregoing reasons, the parties jointly and respectfully request that the Court issue an order approving the proposed settlement in its entirety.

MPP/mp                                          Respectfully submitted,

Attachments                                     s/*Michael Pappas*

cc:   Counsel for Defendants (via ECF)          Michael P. Pappas